**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARIO ESCOBEDO,** | : | **CIVIL NO. 3:15-CV-0869** |
| | : | |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **L.J. ODDO,** | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner, Mario Escobedo ("Escobedo"), a federal inmate incarcerated at the United States Penitentiary at Allenwood ("USP-Allenwood"), White Deer, Pennsylvania.  He contends that his due process rights were violated in the context of a prison disciplinary hearing.

The petition is ripe for disposition and, for the reasons that follow, will be dismissed.

**I.    Background**

On January 3, 2013, while incarcerated at the United States Penitentiary at Pollock, Louisiana, Escobedo was charged in Incident Report Number 2392993, with Assault in violation of Federal Bureau of Prisons ("BOP") Prohibited Acts Code Section 224.  (Doc. 1, p. 11).  The incident is described by the reporting officer as follows:

> On January 3, 2013, upon the conclusion of an SIS investigation, it was determined that an assault took place on July 26, 2012.  Specifically, Inmates Castro, Marcial, Reg. No. 42104-177, Escobedo, Mario, Reg. No. 26450-077 and

> Flores, Richard, Reg. No. 09014-280, entered cell 222 in C-2 Unit at 7:52:37 a.m., where inmate Gonzalez-Rodriguez, Sergio, Reg No. 53208-308, was housed. After the three inmates enter the cell, another unidentified inmate stands outside the cell door to prevent anyone from entering or exiting the cell. At 7:55:09 a.m., the three inmates exit cell 222 and then enter cell 228. At 7:55:22 a.m., inmate Gonzales-Rodriguez, exits cell 222 covered in blood, with apparent injuries of being physically assaulted. Inmate Gonzales-Rodriguez then goes to the Unit Officer, who is standing at the Unit Sallyport. Inmate Gonzalez-Rodriguez is placed in hand restraints and removed from the Unit. The three remaining inmates in the Unit are secured in their cell and upper body checks were conducted.

(Id. at 12). Escobedo received notice of the incident report on January 3, 2013. (Id. at 13). The following day, he was informed that the matter would proceed to a disciplinary hearing. (Id.). He was advised of the rights associated with the process and he indicated that he did not wish to have a staff member represent him or to call any witnesses at the hearing. (Id. at 13).

The hearing commenced on January 15, 2013. (Id. at 13). The DHO concluded that "the written statement of the reporting staff member, the Inmate Investigative Report, the Bureau of Prisons Health Services Clinical Encounter, and the photo sheet," constituted sufficient evidence that Escobedo "committed the prohibited act of Code 224, Assaulting any Person, on July 26, 2012, at USP Pollock." (Id. at 14-15). He was sanctioned with a total loss of twenty-seven days of good conduct time, disciplinary segregation, and loss of commissary and visiting privileges. (Id.)

On February 13, 2013, Escobedo appealed the DHO's decision by filing administrative remedy appeal 723068-R-1, with the South Central Regional Office. (Doc. 4-2, p. 19). He alleged that his due process rights were violated during the hearing because the

2

Unit Discipline Committee ("UDC") paperwork incorrectly identified the code violation as Code 104 "Possession of a Weapon." (Doc. 4-2, p. 19). The Regional Director denied the appeal on April 4, 2013 stating as follows:

> You contend the forms you were provided by the UDC did not contain the correct prohibited act. You refused to sign the Notice of Discipline Hearing before the DHO which stated the alleged violation was Code 224, Assaulting any person. In Section V of the DHO report, the DHO documented the evidence relied upon to determine you committed the prohibited act. A review of the record indicated the DHO made the appropriate decision in the hearing. The sanctions imposed are within policy and commensurate with the finding you committed the prohibited act in the High severity category. You provide no evidence to support your contentions.
>
> Therefore, your request for relief at the Regional Level is denied.
>
> In the event you are dissatisfied with this response, you may appeal to the Bureau of Prisons, Administrative Remedy Section, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in that office within 30 days from the date of this response.

(Id. at 21). There is no record that he filed an appeal with the Central Office Level. (Doc. 4-2, Declaration of Senior BOP Staff Attorney K. Michael Sullivan ("Sullivan Decl."), ¶ 15).

On April 10, 2013, Escobedo filed administrative remedy appeal 731138-R1, again challenging the DHO's January 15, 2013 decision. (Sullivan Decl., ¶16). The appeal was voided due to a BOP clerical error in entering the information; it was subsequently re-filed on April 11, 2013, and assigned 731138-R2. (Sullivan Decl., ¶ 17). On that same date, the appeal "was rejected because the Petitioner did not submit his request on the proper form (code "FRM"), his appeal was untimely (code "UTR"), he submitted his appeal to the wrong level or wrong office (code "WRL") (he submitted the appeal to the South Central Regional Office instead of to the Western Regional Office), and he did not submit a memorandum

3

from staff on Bureau of Prisons letterhead as to why the appeal was late (code "OTH")." (Doc. 1, p. 6; Sullivan Decl., ¶ 17)  He was instructed to cure the defects and to resubmit his appeal to the Western Regional Office.  (Id.).  Almost two years later, on February 9, 2015, Escobedo filed administrative remedy number 73118-A-1 with the Central Office.  (Doc. 1, p. 7; Sullivan Decl., ¶ 20).  The remedy was rejected for the same reasons previously provided in the rejection of administrative remedy appeal 731138-R2, and Escobedo was notified that he needed to demonstrate, through staff verification, that the untimely filing was not his fault.  (Doc. 1, p. 5; Sullivan Decl., ¶ 21).  There is no record that he complied with this request or that he pursued this administrative appeal any further.

On January 15, 2015, Escobedo filed administrative remedy number 808136-R1 at the regional office seeking to preserve the video footage of the July 26, 2012 incident.  (Doc. 1, p. 9; Sullivan Decl., ¶18).  On January 23, 2015, the remedy was rejected because it was filed with the wrong office.  (Doc. 1, p. 8: Sullivan Decl. ¶ 19).  Notwithstanding the rejection, Escobedo was instructed to submit a Freedom of Information Act request to obtain a copy of the video and advised to seek assistance from his Unit Team.  (Doc. 1, p. 8; Sullivan Decl., ¶ 19).  There is no record that Escobedo pursued this administrative remedy any further.  (Id.)

The instant petition was filed on May 4, 2015.  (Doc. 1).

**II.     Discussion**

Respondent argues that the petition should be dismissed based on Escobedo's failure to exhaust his administrative remedies prior to seeking review in federal court. (Doc. 4, p. 2). Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have

4

consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241.  Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion is required "for three reasons:  (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, *e.g.*, Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D.Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In general, the BOP's administrative review remedy program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement.  (Doc. 4-2, Sullivan Decl., ¶ 5, citing 28 C.F.R. §§ 542.10, *et seq.*).  With respect to disciplinary hearing decision appeals, a BOP inmate can initiate the first step of the administrative review process by filing a direct written

appeal to the BOP's Regional Director (thus bypassing the institutional level of review) within twenty days after receiving the disciplinary hearing officer's written report. (Sullivan Decl., ¶ 7, citing 28 C.F.R. § 542.14(d)(2)). If dissatisfied with the Regional Director's response, an appeal may then be filed within thirty calendar days with the BOP's Central Office. (*Id*., citing 28 C.F.R. §§ 542.15(a)). This is the inmate's final available administrative appeal. No administrative remedy appeal is considered to have been fully exhausted until properly filed and considered by the Bureau of Prison's Cental Office. (Id. at 8, citing 28 C.F.R. § 542, *et seq*.).

Although Escobedo initiated the administrative remedy process on several occasions, he failed to see it through to completion. With regard to administrative appeal 723068-R-1, he failed to pursue relief beyond the regional level. Administrative appeal 731138-R2, suffered from multiple defects. Escobedo failed to submit the appeal on the proper form. The appeal was untimely and failed to include a letter from staff demonstrating that he was not responsible for the untimeliness. And, he submitted the appeal to the wrong regional office. His Central Office appeal, which came almost two years after the regional office appeal was rejected, was rejected based on the same procedural defects as the original appeal. Finally, his January 15, 2015, request for administrative relief was rejected because it was filed at the wrong level. Escobedo proceeded no further with this administrative request.

The above demonstrates that Escobedo failed to "avail [] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Spruill v. Gillis, 372 F.3d 218, 228 (3d Cir. 2004). Because he has not alleged facts that would permit the

court to find that exhaustion would have been futile, or that requiring exhaustion would subject him to "irreparable injury," the petition will be dismissed for failure to exhaust administrative remedies.  To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process despite failing to complete administrative review.

### III.     Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be dismissed.  An appropriate order will issue.


                                                    **BY THE COURT:**


                                                    **s/James M. Munley**
                                                    **JUDGE JAMES M. MUNLEY**
                                                    **United States District Court**


Dated:         November 28, 2016